# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF GUAM

| | |
|---|---|
| **MATAO "EDDIE" YOKENO**, <br><br> Plaintiff, <br><br> vs. <br><br> **SAWAKO SEKIGUCHI,** *a/k/a* **SAWAKO S. LAI, EMIL LAI,** and **JOHN DOES 1-10,** <br><br> Defendants. | Civil Case No. 09-00020 <br><br> **ORDER AND OPINION RE: DEFENDANTS' OBJECTIONS TO MAGISTRATE'S ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL AND DEFENDANTS' MOTION FOR RECONSIDERATION OF CHIEF JUDGE'S ORDER** |

Before the court are Defendants' Objections to Magistrate Judge's Order Granting Plaintiff's Motion to Compel ("the Objections") and Motion for Reconsideration of Chief Judge's Order Granting Plaintiff's Rule 56(f) Motion ("the Motion for Reconsideration"). *See* Dkt. Nos. 156, 158. On July 26, 2011, after hearing argument from the parties, the court granted the Motion for Reconsideration for the reasons stated in this opinion.[1]

## I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

On August 18, 2009, Defendants filed a Motion for Summary Judgment. *See* Dkt. No. 16. After extensive briefing, a hearing on the motion was scheduled for April 26, 2010, and at the request of Plaintiff continued to May 17, 2010. *See* Dkt. No. 69. On the date of the continued hearing, Plaintiff filed an untimely Motion for Continuance Pursuant to Federal Rule of Civil

---

[1] During the hearing, the court inadvertently overruled Defendants' first and second objections. In light of the fact that the court granted the Motion for Reconsideration, the court finds that the Objections are moot and hereby withdraws the inadvertent rulings. To the extent that the minutes from the hearing reflect the inadvertent rulings, this order supersedes such.

Procedure 56(f)[2] ("the Rule 56(f) Motion"). *See* Dkt. No. 71. In the Affidavit in Support of the Rule 56(f) Motion, counsel for Plaintiff swore to the following:

1. On or about August 18, 2009, Defendants filed their Motion for Summary Judgment, along with various exhibits and declarations in support of that Motion. One of the central issues of the case, as raised by the Plaintiff, is the issue of the establishment of a fiduciary relationship between Plaintiff and Defendant Lai. Defendant Lai denies the trustee/beneficiary relationship but does so by simply denying same.

2. It is the Plaintiff's position that the intent of the parties was clear and unambiguous and the terms of the Memorandum of Understanding show not only the establishment of a partnership but an acknowledgment that Yokeno and Lai both paid $1,000,000.00 into escrow in order to capitalize the Fai Fai Beach Associates, Inc. However, only Lai receives [*sic*] shares of the corporation. . . .

3. Obviously, Mr. Lai must be cross-examined on his Declaration and his wife must be deposed with respect to the fact issue of whether or not a trustee/beneficiary relationship has been established between Mr. Lai and Mr. Yokeno. . . .

Dkt No. 72 ¶¶ 1–3.

Despite the tardiness of the Rule 56(f) Motion, the court found that further discovery was warranted so that Plaintiff could depose Defendants on the fiduciary relationship issue and granted Plaintiff's Rule 56(f) Motion ("the Rule 56(f) Order"). *See* Dkt. No. 74.

Pursuant to the court's order Plaintiff deposed Defendants Lai and Sekiguchi on May 26, 2010 and November 12, 2010, respectively. *See* Dkt. Nos. 76, 101. On December 21, 2010, the court ordered Plaintiff to file a supplemental brief delineating facts discovered during the depositions that support his opposition to Defendants' Motion for Summary Judgment. Dkt. No. 108. Plaintiff filed his supplemental brief on January 21, 2011, and Defendants filed a response on January 28, 2011. Dkt. Nos. 117, 124.

On January 20, 2011, Plaintiff filed a Motion for Sanctions; to Compel Deposition; and to Deny Defendant's [*sic*] Motion for Summary Judgment *Ab Initio*. Dkt. No. 113. On February 22, 2011, Plaintiff filed a Notice of Withdrawal of the Motion for Sanctions. Dkt. No. 127. Plaintiff then filed an Amended Motion for Sanctions; to Compel Deposition; and to Deny Defendant's [*sic*] Motion for Summary Judgment *Ab Initio* ("Amended Motion for Sanctions") on April 12, 2011. Dkt. No. 134. Defendants filed an opposition on April 14, 2011. Dkt. No. 139.

The parties appeared before the Magistrate Judge on June 2, 2011 for a hearing on the Amended Motion for Sanctions. *See* Dkt. No. 151. At the hearing, Plaintiff explained the nature

---

[2] Federal Rules of Civil Procedure 56 was subsequently amended and the substance of Rule 56(f) can now be found at Rule 56(d). Additionally, all references to "Rules" in this opinion refer to the Federal Rules of Civil Procedure.

of information he seeks to obtain from a second deposition of Defendant Sekiguchi and the relevance of the information to the Motion for Summary Judgment:

> But I think what we're really here to find out is, . . . was Mr. Yokeno given a meaningful opportunity to conduct discovery in order to defend himself against the motion for summary judgment that is pending . . . . [T]he chief judge, had already ordered that these two depositions were important and were relevant to the context of the motion at hand. . . .
>
> But the motion for summary judgment is based upon the purchase of this judgment from Citizens Security Bank and then the execution on that judgment. This all surrounds a marshals sale that was conducted in Mr. Taitano's office. And of course, he's basically—the argument of the defendants is, "Well, because of the marshals sale, everything is res judicata and there are no tort claims and so the case should be dismissed on summary judgment." We have raised in our opposition brief, as well as in other briefs, that the marshals sale was not conducted properly and in fact was [*sic*] what was allegedly purchased cannot be purchased under Guam law.
>
> We found out from Mr. Lai when we took his deposition, and the Court will recall this from the motion of protective order, Mr. Lai wasn't at the marshals sale; he doesn't know what happened at the marshals sale. The only person who knows what happened at the marshals sale is Ms. Sekiguchi and she attended the marshals sale on behalf of her husband under a power-of-attorney.

Sanctions Hr'g Tr. at 7:13–8:18, June 2, 2011 (Dkt. No. 154).

After hearing more from the parties, the Magistrate Judge court granted Plaintiff's Motion to Compel Deposition, but denied Plaintiff's Motion for Sanctions. Dkt. No. 151. On June 12, 2011, Defendants filed Objections to the Magistrate Judge's Order Granting Plaintiff's Motion to Compel Deposition. Dkt. No. 156. Then, on June 16, 2011, Defendants filed the Motion for Reconsideration. Dkt. No. 158.

## II.     **DISCUSSION**

Defendants move the court to reconsider its order granting Plaintiff's Rule 56(f) Motion pursuant to Local Rule 7.1(i), which provides:

> A motion for reconsideration of the decision of any motion may be made only on the grounds of:
>
> (1) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or,
>
> (2) the emergence of new material facts or a change of law occurring after the time of such decision, or,
>
> (3) a manifest showing of a failure to consider material facts presented to the Court before such decision.
>
> No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.

LR 7.1(i). Defendants argue that reconsideration is warranted because of the emergence of new

material facts occurring after the court issued the Rule 56(f) Order. Specifically, Defendants argue that Plaintiff's true purpose for deposing Defendants has since been revealed and that the purpose is irrelevant to opposing the Motion for Summary Judgment. The court agrees with Defendants.[3]

In May 2010, Plaintiff requested a continuance pursuant to Rule 56(f) so that he could conduct additional discovery to oppose Defendants' Motion for Summary Judgment. *See* Dkt. No. 71. Counsel for Plaintiff submitted an affidavit in support of the Rule 56(f) Motion that stated that the depositions were necessary to discover facts that would support Plaintiff's theory that there was a fiduciary relationship between himself and Defendant Lai. *See* Dkt. No. 72 ¶ 3. The court granted the Rule 56(f) Motion. *See* Dkt. No. 74.

Plaintiff has since deposed Defendants, and now Plaintiff seeks a second deposition of Defendant Sekiguchi to question her about the Marshal's Sale. Plaintiff never mentioned anything regarding the Marshal's Sale when he sought a continuance.[4] Moreover, facts concerning the execution of the Marshal's Sale are irrelevant to the Motion for Summary Judgment as it does not affect any of the claims that Plaintiff set forth in his complaint.[5] Plaintiff himself has acknowledged that the crux of the case is the existence of a fiduciary relationship and that the Marshal's Sale is irrelevant to his claims:

> But, nevertheless, whatever the discovery is that went in [*sic*] the other cases don't [*sic*] have anything to do with this case. ***This case is about the establishment of a fiduciary relationship and the breach of that fiduciary relationship***.

---

[3] Plaintiff argues that Defendants' Motion for Reconsideration is untimely under Rules 59 and 60. *See* Dkt. No. 162 at 2–3. The order granting the Rule 56(f) Motion was not a final judgment, rather it was an interlocutory order. The district court has "inherent procedural power to reconsider, *rescind*, or modify an interlocutory order for cause seen by it to be sufficient" in a case that is under its jurisdiction. *City of Los Angeles v. Santa Monica BayKeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (quoting *Melancon v. Texaco, Inc.*, 659 F.2d 551, 553 (5th Cir. 1981)) (internal quotation marks omitted). This inherent power is "firmly rooted in common law and is not abridged by the Federal Rules of Civil Procedure. *Id.* at 887. Thus, Defendants' Motion for Reconsideration is timely.

Plaintiff also argues that Defendants' Motion for Reconsideration violates Local Rule 7.1(i) because it merely regurgitates prior arguments. *See* Dkt. No. 162 at 3–6. The court finds that to the extent that Defendants' Motion includes prior arguments it is only provided for background and not to support its argument for reconsideration.

[4] The court notes that Plaintiff makes arguments about the legitimacy of the Marshal's Sale in his supplemental opposition that was filed on January 21, 2011, but again these irrelevant arguments were presented after the court granted the Rule 56(f) Motion. *See* Dkt. No. 117.

[5] In granting Plaintiff's Motion to Compel, the Magistrate Judge was uncertain as to whether what took place at the Marshal's Sale was relevant to the Motion for Summary Judgment. *See* Sanctions Hr'g Tr. 90:2-4 (the Magistrate Judge stated, "See, at this point really, I cannot say that [the Marshal's Sale is] irrelevant because it may be relevant to some sort of fiduciary responsibility. I don't know."). However, this court finds that it is irrelevant.

> With respect to whether [Defendant Lai owed Yokeno a fiduciary duty is] moot, I don't think it is moot; I think that's the whole point, is on June 11th -- or July 11 of 2006,[6] both interests in both corporations' stock was [*sic*] purchased. And why was it purchased? ***Because the man who had a fiduciary relationship with Mr. Yokeno went out, found a judgment for no other reason than to force the sale of these shares. So, not only do we believe that June 11th[7] has nothing to do with it***, that's one of the prime reasons that we stand here today. That breach of trust, that breach of fiduciary duty to force somebody to turn over their shares when he should have been protecting that individual with every ounce of his being is the reason that we stand here today.

Rule 56(f) Hr'g Tr. at 22:5-23, May 17, 2010 (Dkt. No. 93) (emphases added).

The court is perplexed as to why Plaintiff is now arguing that what happened at the Marshal's Sale is the key to opposing the Motion for Summary Judgment. *See* Sanctions Hr'g Tr. 21:23-25 ("We just want to know what happened at the marshals sale so we can defend against the motion for summary judgment if possible."). Had Plaintiff presented the Marshal's Sale issue as the reason why he sought further discovery, the court would have denied the Rule 56(f) Motion. The court granted Plaintiff's untimely Rule 56(f) Motion to give Plaintiff an opportunity to discover facts regarding the existence of fiduciary relationship. Plaintiff is now attempting to take advantage of the continuance and engage in a fishing expedition. The court will not allow it.

### III. CONCLUSION

In light of the foregoing, the court **RESCINDS** its Order granting Plaintiff's Rule 56(f) Motion. Accordingly, the court strikes the depositions of Defendants and all related documents from the record.[8] The parties shall appear before the court for a hearing on Defendants' Motion for Summary Judgment on August 2, 2011 at 9:30 a.m.

**SO ORDERED**.



/s/ Frances M. Tydingco-Gatewood
    Chief Judge
**Dated: Jul 27, 2011**

---

[6] Plaintiff mixes up the date of the Marshal's Sale. To clarify, the Marshal's Sale was on July 11, 2008. *See* Dkt. No. 19 at ¶ 12.

[7] Again, as noted in n.5, Plaintiff could not get his dates straight, but it is clear to the court that when Plaintiff said June 11th he was referring to the Marshal's Sale.

[8] Specifically, the following shall be stricken from the record: Docket Nos. 75–76, 78–88, 90–91, 94–95, 97–106, 108–119, 121–131, 134–141, 143–150 (to the extent that these documents refer to the Motion for Sanctions and the depositions of Defendants), 151–152, 153 (to the extent that the order refers to the Motion to Compel Deposition), 154–156, 159–161.